UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. MARK MEKHITARIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID RAMIREZ, CITY OF FRESNO, and DOES 1 through 10, inclusive,<br><br>    Defendants. | No. 1:25-cv-01135-KES-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>Doc. 13 |

Defendants move to dismiss plaintiff K. Mark Mekhitarian's first amended complaint ("FAC") for failure to state a claim.  Doc. 13.  Mekhitarian did not file an opposition to defendants' motion to dismiss and the deadline to do so has passed.  The Court has considered the FAC and defendants' motion and, for the reasons set forth below, grants defendants' motion to dismiss.

**I.     BACKGROUND**

On July 6, 2024, Fresno police officer David Ramirez initiated a traffic stop of Mekhitarian for driving with a broken brake light.  Doc. 10 at ¶¶ 19–20.  During the traffic stop, Mekhitarian submitted to a breath test to determine if he was intoxicated.  *Id.* at ¶ 22. Mekhitarian alleges that he had not consumed any alcohol prior to the traffic stop, and that Officer Ramirez nonetheless detained him and charged him with violating Vehicle Code section

1

24252(a) for failing to maintain lighting equipment. *Id.* at ¶¶ 12, 23.  The Fresno County Superior Court dismissed Mekhitarian's traffic case on November 5, 2024.  *Id.* at ¶ 26.

Mekhitarian filed this action against Officer Ramirez, the City of Fresno, and fictious Doe defendants in Fresno County Superior Court on May 29, 2025.  Doc. 1-1.  On September 4, 2025, defendants removed the case to federal court.  Doc. 1.  On November 12, 2025, Mekhitarian filed the FAC alleging civil rights violations, malicious prosecution, a Bane Act violation, intentional infliction of emotional distress, negligence per se, and negligent infliction of emotional distress. Doc. 10.  Defendants filed their motion to dismiss on December 12, 2025.  Doc. 13.

## II.    LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain facts that "nudge [the plaintiff's] claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  But the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements

2

of a cause of action, supported by mere conclusory statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III.   ANALYSIS

#### A.   Mekhitarian's First Cause of Action Fails as a Matter of Law

Mekhitarian alleges that Officer Ramirez "wrongfully stopping, detaining, and issuing a false citation for defective brake[] lights" violated the "Federal Civil Rights Act;" California constitution article one, section one; California Civil Code section 43; the Bane Act; and the Unruh Civil Rights Act.  Doc. 10 at ¶¶ 25–26, 30, 50.  Mekhitarian further alleges "the issuance of the citation ticket . . . constitutes malicious prosecution," and the City of Fresno is directly liable under Government Code section 815.2.  *Id.* at ¶¶ 28, 54, 56, 64, 70, 91, 99.  This cause of action fails as a matter of law.

First, Mekhitarian does not allege under which federal civil rights act he brings his claims. There is no general federal civil rights act, and the Court will not guess which act Mekhitarian might be referencing.

Second, it is well settled that violations of the California Constitution, article one, section one do not give rise to a cause of action for money damages.  *Blanco v. Cnty. of Kings*, 142 F. Supp. 3d 986, 1001 (E.D. Cal. 2015).  Mekhitarian seeks only monetary damages and thus does not state a claim for which relief may be granted.  *See id.*

Third, Mekhitarian alleges the "stop, detention and prosecution" violated California Civil Code section 43, Doc. 10 at ¶¶ 36, 50, but section 43 is a declaration of rights, not an independent cause of action.  California Civil Code section 43 provides: "Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."  Cal. Civ. Code § 43. While Mekhitarian cannot bring an independent claim under section 43, the Court presumes Mekhitarian intended to assert this violation under the Bane Act, which Mekhitarian raised as his

second cause of action.  Doc. 10 at 9–10.  The Court addresses the Bane Act claims in the discussion of Mekhitarian's second cause of action below.

Fourth, Mekhitarian sues defendants under the Unruh Act, which prohibits businesses from discriminating against persons based on "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status."  Cal. Civ. Code § 51(b).  But Mekhitarian does not allege that he was discriminated against based on any of these enumerated protected categories.

Thus, Mekhitarian's first cause of action fails to state a claim.

**B.      Mekhitarian Fails to State a Claim Under the Bane Act**

In his second cause of action, Mekhitarian alleges interference with his section 43 civil rights under the Bane Act, codified as California Civil Code section 52.1.  The Bane Act "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by threats, intimidation, or coercion."  *Gomez v. City of Vacaville*, 483 F. Supp. 3d 850, 870 (E.D. Cal. 2020) (citation omitted).  But Mekhitarian does not allege that Officer Ramirez threatened, intimidated, or coerced him at any time.

Thus, Mekhitarian's second cause of action fails to state a claim.

**C.      Mekhitarian Fails to Plausibly Allege Severe Emotional Distress**

Mekhitarian pleads intentional and negligent infliction of emotional stress for his third and fifth causes of action, respectively.  To sufficiently plead intentional infliction of emotional distress ("IIED"), a plaintiff must show "(1) extreme and outrageous conduct by the defendant[s] with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant[s'] outrageous conduct."  *Wilkins v. Nat'l Broad. Co.*, 71 Cal. App. 4th 1066, 1087 (1999) (citation omitted.)  Liability for IIED extends "only to conduct so extreme and outrageous 'as to go beyond all possible bonds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Coleman v. Republic Indemnity Ins.*, 132 Cal. App. 4th 403, 416 (2005) (citations omitted.) Severe emotional distress is a similarly high bar.  *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009).

Severe emotional distress entails "emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Id.* (citation omitted.)  Likewise, "[s]erious emotional distress is an essential element of the cause of action for negligent infliction of emotional distress." *Kelly v. General Telephone Co.*, 136 Cal. App. 3d 278, 287 (1982).

Mekhitarian does not allege or provide any facts to support that Officer Ramirez's conduct was so extreme and outrageous to go beyond the bounds of decency.  Mekhitarian asserts that he suffered "fright, nervousness, grief, anxiety, worry, weight loss, hair loss, mortification, shock, humiliation, indignity, embarrassment, sleeplessness, headaches and other psychological damage," but offers no details to make these conclusory claims otherwise plausible.  Mekhitarian does not allege how the emotional stress he suffered was substantial, such that no reasonable person could be expected to endure it.  Conclusory allegations of severe emotional distress are insufficient to state a claim.  *See Cabral v. Cnty. of Glenn*, 624 F. Supp. 2d 1184, 1195 (E.D. Cal. 2009).  For these reasons, Mekhitarian's fails to state a claim for his third and fifth causes of action.

### D.     Mekhitarian Fails to Allege a Plausible Negligence Claim

For his fourth cause of action, Mekhitarian alleges a "negligence per se" claim against defendants based on their alleged "fail[ure] to act with ordinary care or skill in the management of [] Mekhitarian's detention on July 6, 2024."  Doc. 10 at ¶ 77.  A negligence claim requires: "(1) a legal duty to use due care, (2) a breach of such legal duty, (3) damage or injury, and (4) the breach as the proximate cause or legal cause of the resulting damage or injury." *Bogard v. Emps. Cas. Co.*, 164 Cal. App. 3d 602, 618 (1985).  "Negligence per se is an evidentiary doctrine, rather than an independent cause of action.  It can be applied generally to establish a breach of due care under any negligence-related cause of action." *Jones v. Awad*, 39 Cal. App. 5th 1200, 1210 (2019) (citations omitted.)

Mekhitarian asserts that defendants owed him a duty of care pursuant to common law and California Civil Code section 1714(a), which provides:

> Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself.

Cal. Civ. Code § 1714(a).

Under California law, "a public entity is not liable for injury arising from an act or omission except as provided by statute." *Hoff v. Vacaville Unified School Dist.*, 19 Cal.4th 925, 932 (1998); Cal. Gov't Code § 815. "[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714." *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (2003). Thus section 1714 cannot serve as the statutory basis for Mekhitarian's negligence claim against the City of Fresno.

Similarly, California constitution article one, section one, and California Civil Code sections 43 and 52.1 do not establish any duty of care that Mekhitarian claims defendants per se breached. Article one, section one of the California constitution provides: "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Cal. Const., art. I, § 1. This declaration of rights does not establish any duty for officers or public entities. Likewise, Civil Code sections 43 and 52.1 provide individuals with the right of protection from certain injuries and a cause of action for certain civil rights violations, respectively, but neither establish any duty owed for officers or public entities that Mekhitarian plausibly claims defendants breached. Cal. Civ. Code §§ 43, 52.1. Indeed, courts have dismissed claims captioned as negligence per se and based on California constitution article one, section one, and Civil Code sections 43 and 52.1 for failing to state a claim. *See Campos v. City of Merced*, 709 F. Supp. 2d 944, 966 (E.D. Cal. 2010).

Moreover, Officer Ramirez is immune from liability under California Government Code section 820.2, which states, "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of

the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov't Code § 820.2. While section 820.2 "does not apply to officers who use unreasonable force in making an arrest," Mekhitarian does not allege Officer Ramirez used any unreasonable force. *Blankenhorn v. City of Orange*, 485 F.3d 487–88 (9th Cir. 2007). This immunity applies to the traffic stop, detention, and citation, all of which were within Officer Ramirez's discretion. And the immunity extends to the City of Fresno under section 815.2. Cal. Gov't Code § 815.2.

### E.   Dismissal With Prejudice

Mekhitarian did not file any opposition or response to the motion to dismiss, and he has not made any filing in this case since filing the FAC in November 2025. *See* docket. Mekhitarian already amended his complaint once after this case was removed to this court. Mekhitarian has neither sought leave to file a further amended complaint nor presented any basis on which the court could conclude that he could state a viable claim with further amendment. As granting leave to file a further amended complaint would be futile, dismissal with prejudice is appropriate. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

## IV.   CONCLUSION

For the reasons explained above:

1.   Defendants' motion to dismiss, Doc. 13, is granted;

2.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 1, 2026

_____
UNITED STATES DISTRICT JUDGE